**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000819
18-APR-2012
08:48 AM**

NO. CAAP-11-0000819

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
HEATHER E. HEERS, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR NO. 10-1-1098)

ORDER GRANTING MARCH 9, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Defendant-Appellant Heather E.
Heers's (Appellant Heers) March 9, 2012 motion to dismiss Appeal
No. CAAP-11-0000819 for lack of jurisdiction, (2) Plaintiff-
Appellee State of Hawaii's March 14, 2012 notice of no opposition
to Appellant Heers's March 9, 2012 motion to dismiss Appeal No.
CAAP-11-0000819 for lack of jurisdiction, and (3) the record, it
appears that we lack jurisdiction over Appellant Heers's appeal
from the Honorable Melvin H. Fujino's October 18, 2011 judgment
of conviction against Appellant Heers for assault in the third
degree in violation of 707-712 (1993) because the October 18,

2011 judgment is not appealable under Hawaii Revised Statutes (HRS) § 641-12 (Supp. 2011).

"The right to an appeal is strictly statutory." State v. Ontiveros, 82 Hawaiʻi 446, 449, 923 P.2d 388, 391 (1996) (citation omitted). The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011). HRS § 641-12 provides that "[a]ppeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." It appears that the October 18, 2011 judgment is neither a final decision nor a final judgment because the sentencing in this case is incomplete. Although the October 18, 2011 judgment sentences Appellant Heers to imprisonment, probation and a fine, the October 18, 2011 judgment additionally indicates that the district court intends to decide whether the district court will sentence Appellant Heers to restitution in an amount that the district court will determine at some time in the future. The record does not contain any order with a determination of the amount of restitution that Appellant Heers must pay as a part of his sentence.

Under similar circumstances in an appeal from a district court judgment in a criminal case, we have held that a judgment is not final and appealable unless the sentence is final:

> Judgments of conviction are not final unless they include the final adjudication and the final sentence. In the instant case, the sentence imposed was not the final sentence because the district court expressly left open the possibility that its sentence of Kilborn might include an

order requiring Kilborn to pay restitution. The court did not finally decide whether it would order Kilborn to pay restitution and, if so, in what amount. Consequently, the December 5, 2003 Judgment is not final and, because it is not final, it is not appealable.

Accordingly, IT IS HEREBY ORDERED that the appeal from the December 5, 2003 Judgment is dismissed for lack of appellate jurisdiction.

State v. Kilborn, 109 Hawai'i 435, 442, 127 P.3d 95, 102 (App. 2005). Similarly in the instant case, the October 18, 2011 judgment is not final, because the October 18, 2011 judgment indicates that the circuit court intends to sentence Appellant Heers to restitution in an amount to be determined at some time in the future. Consequently, the sentence in the October 18, 2011 judgment is not final, and, thus, the October 18, 2011 judgment is not an appealable final judgment under HRS § 641-12. Absent an appealable final judgment in the record on appeal, we cannot exercise appellate jurisdiction over Appeal No. CAAP-11-0000819. Therefore,

IT IS HEREBY ORDERED that Appellant Heers's March 9, 2012 motion to dismiss Appeal No. CAAP-11-0000819 for lack of jurisdiction is granted, and Appeal No. CAAP-11-0000819 is dismissed without prejudice to Appellant Heers asserting a timely appeal from an appealable final judgment in this case.

DATED: Honolulu, Hawai'i, April 18, 2012.

Presiding Judge

Associate Judge

Associate Judge

-3-